UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX CHRISTMAN, | 1: 05 CV 1002 OWW  WMW HC |
| Petitioner, | |
| | FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 8] |
| JEANNE S. WOODFORD, | Objections due in 30 days |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's unopposed motion to dismiss.

**BACKGROUND**

On November 6, 1998, Petitioner Felix Christman was convicted of second degree murder, and an allegation of shooting from a vehicle resulting in death was found true. He was sentenced to an indeterminate state prison term of fifteen years to life for the murder conviction, plus six years for the shooting enhancement.

On June 26, 2001, the California Court of Appeal, Fifth Appellate District, reversed the true finding on the enhancement and remanded for resentencing with the option that the prosecutor could retry Petitioner on the enhancement or, if not, the trial court would amend the

abstract of judgment to reflect a personal use of a firearm enhancement finding. The conviction was affirmed in all other respects.  The California Supreme Court denied review on September 26, 2001.

The prosecutor chose not to retry the enhancement allegation and on November 26, 2001, Petitioner was resentenced to fifteen years to life on the murder conviction and four years for the personal use of a firearm enhancement.

On August 30, 2002, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. The California Supreme Court denied review on November 20, 2002.

Petitioner subsequently retained counsel who filed three post-conviction collateral challenges:

First Petition

October 2, 2003: Petition for post-conviction relief filed in Tulare County Superior Court

October 9, 2003: Petition denied

Second Petition

November 3, 2003: Petition for post-conviction relief filed in the California Court of Appeal, Fifth Appellate District

November 25, 2003: Petition denied

Third Petition

December 17, 2003: Petition for post-conviction relief filed in the California Supreme Court;

July 21, 2004: Petition denied

Petitioner filed this action on July 19, 2005.

**DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214. AEDPA applies to all petitions for writs of habeas corpus filed after the enactment of AEDPA. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Ainsworth v. Calderon*, 138 F.3d 787, 790 (9th Cir. 1998); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). Petitioner filed his petition in this action on July 19, 2005.  Thus,

AEDPA applies to the petition.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, the California Supreme Court denied review on Petitioner's second appeal on November 20, 2002. The state appeal process became "final" within the meaning of § 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on February 18, 2003. Supreme Court rule 13; *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999); *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998). The one-year limitations period commenced running the following day—February 19, 2003. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, absent any tolling, the last day to file a federal petition was on February 18, 2004.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final

1  collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct.
2  1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d
3  1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a
4  petitioner is preparing his petition to file at the next appellate level reinforces the need to present all
5  claims to the state courts first and will prevent the premature filing of federal petitions out of
6  concern that the limitation period will end before all claims can be presented to the state supreme
7  court. Id. at 1005.

8  As noted above, the limitations period commenced running on February 19, 2003. It
9  continued to run until October 2, 2003, the date the first state post-conviction petition was filed.
10 The result was that 225 days of the initial one-year period had expired as of the time the
11 first state habeas petition was filed.

12 Respondents do not argue that the first through third petitions were improperly filed and
13 therefore concede that Petitioner is entitled to tolling for the pendency of his three state petitions. As
14 Respondents state, the second and third petitions were each filed in the respective next level of the
15 state courts less than sixty days after the denial of the preceding petition. Petitioner was proceeding
16 in both an orderly and diligent manner. The court therefore agrees with Respondents that Petitioner
17 is entitled to tolling for the period of October 2, 2003 (first petition filed), through July 21, 2004
18 (third petition denied). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

19 The statute of limitations commenced on February 19, 2003, and 225 days of the limitations
20 period elapsed before the running of the statute was tolled by the filing of the first petition on
21 October 2, 2003. The statute began running again on July 22, 2004, and Petitioner then expended
22 362 days before he filed the present petition on July 19, 2005.. The one-year limitations period
23 expired during this time, specifically on December 8, 2004. Accordingly, absent equitable tolling,
24 the present petition is barred by the statute of limitations.

25 The limitations period is subject to equitable tolling if "extraordinary circumstances beyond
26 a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S.
27 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107
28 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.

United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

An examination of the petition in this case reveals no argument on Petitioner's part in support of equitable tolling, nor does a basis for equitable tolling appear from this court's review. Further, because Petitioner did not oppose Respondent's motion to dismiss, he did not present an argument in support of equitable tolling in that context. Accordingly, the court finds no basis for equitable tolling of the statute of limitations in this case. Thus, the court finds that this petition for writ of habeas corpus is barred by the statute of limitations.

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as barred by the statute of limitations, and that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1
2   IT IS SO ORDERED.
3   **Dated:   June 8, 2007**                    **/s/  William M. Wunderlich**
                                                 UNITED STATES MAGISTRATE JUDGE
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28